The appellant was tried in a jury trial before the Dallas County Circuit Court for the murder of Wayne Mott and was found not guilty by reason of mental defect. Subsequent to a court-ordered evaluation by the Department of Mental Health, the trial court held a hearing, apparently under the authority of § 15-16-67, Code of Alabama (1975), to determine whether the appellant should be released. At the conclusion of this hearing, the court held that the appellant did not represent a sufficient threat of harm to justify his involuntary commitment to the custody of the Department of Mental Health and that he was therefore due to be released. The court did, however, impose certain conditions on the appellant's release, pursuant to § 15-16-68, Code of Alabama (1975), which included the requirement that he stay away from Plantersville as long as Nina Bearden Mott, the victim's wife, or her family lived there. Timely notice of appeal was then made by the appellant.
The sole issues raised in this appeal of the trial court's release order is the appellant's contention that the court lacked the necessary authority to impose restrictions or conditions on his release. Because we find that the trial court was not authorized under § 15-16-60 et seq., Code of Alabama
(1975), to impose conditions on the appellant's release, it is this Court's opinion that the judgment of that court is due to be reversed, and this cause remanded.
The record indicates that, on October 28, 1988, one month after the appellant's verdict was returned, the trial court conducted a hearing to determine whether the appellant should be involuntarily committed to the Department of Mental Health. After hearing the evidence and arguments presented by the parties, the court found that the appellant suffered from a mental disease and remanded him to the custody of the Department of Mental Health for *Page 174 
further evaluation as to whether he posed a real and present threat of harm to himself or to others.
Upon completion of the appellant's evaluation by the Department of Mental Health, the trial court held a hearing on December 6, 1988, to consider his release. Dr. Noram Poythress, a psychologist with the Taylor Hardin Secure Medical Facility, testified for the State that he had conducted three formal interviews with the appellant. Citing the facts that the appellant had no prior criminal record, that he had no history of substance abuse, that he had a history of stable employment, and that he had a good family support system, Dr. Poythress concluded that he posed a relatively low risk for violence to himself or to others in the community. Dr. Poythress could not state either on direct or on cross examination that the appellant posed a risk to anyone.
Nina Mott testified, over the appellant's objection, that she was afraid of the appellant and had moved from her home in Plantersville because of that fear. Mrs. Mott testified that, before he killed her husband, the appellant came to her house and knocked down the door in an attempt to gain entry.
The appellant called Dr. Patrick Linton, his psychiatrist, who testified that, at the time of the murder, the appellant was suffering from obsessive compulsive behavior. Dr. Linton stated that, in his opinion, this condition was temporary in nature and that he did not think "he has anything residual concerning that." Dr. Linton testified that he did not believe the appellant to be a serious threat to himself or to others.
At the conclusion of this hearing, the trial court stated the following:
 "THE COURT: Unfortunately the field of mental health is not a field of absolutes. I'm not sure that they'll ever come up here and tell me that this man does not pose some threat somewhere some time under some set of circumstances. It all boils down to who's going to bite the bullet in this case. The State of Alabama has done a good job, tried a fine case, put on an excellent case to achieve a result which I don't necessarily agree with personally, but the jury has spoken in this case and that is their verdict and I have no choice but to go by it. I don't necessarily agree with it, but that's not my job. My job now is to determine whether or not this man should remain confined in the mental health facility as a result of any proposed or posing some substantial threat of harm to himself or others. I don't find that's been shown. I do have the power under Section 15-16-68 to impose certain conditions upon his release and I'll release him subject to the following conditions. That he submit to treatment and accept care from Dr. Linton, who is his own psychiatrist as such as he may recommend or his successor may recommend until such time in his opinion, his medical opinion, that this defendant can adequately control his own emotions, fears, which cause or give rise to behavior occasioned by this tragedy. Further, that the defendant will stay away from the community of Plantersville so long as the Beardens and Mott family live there, particularly stay away from and is trespassed from Nina Mott or any member of her family so long as they're in the area of Plantersville. Now I know the pressure the State has been under from persons who think that somehow or other something went wrong, something was bad and somebody didn't do their job. The State did their job. The defendant [sic] did their job. The jury did their job and we don't agree with it, but so be it. They have done it. There's nothing I can do about it. Now those are the conditions under which he's ordered released. Now I order it to be done today. These proceedings are closed."
The trial court predicated its December 6, 1988, release hearing as well as its order resulting from that hearing, on the authority of § 15-16-60 et seq., Code of Alabama (1975), entitled the "Criminal Psychopath Release Restriction Act." This act precludes the Department of Mental Health from releasing a defendant who falls within its application without authorization by an order of the trial court. See § 15-16-62. The act further authorizes the trial court to impose certain conditions *Page 175 
on the release of any defendant who the court determines is still mentally ill, but no longer poses "a real and present threat of substantial harm to himself or to others" if his release is accompanied by certain conditions. Sections 15-16-67
and 15-16-68. For the purposes of the act, "defendant" is defined, pursuant to § 15-16-61(2), as follows:
 "(2) Defendant. A defendant in a criminal case who has been found not guilty by reason of insanity, or not guilty by reason of mental disease or defect, and has been committed to the custody of the Alabama state department of mental health and mental retardation or another facility as provided by section 15-16-32." (Emphasis supplied.)
Thus, for a defendant to come within the scope of the Criminal Psychopath Release Restriction Act, he must first have been committed under the authority of § 15-16-43.
Section 15-16-43 provides, in pertinent part, as follows:
 "If, at the final hearing, the court finds that the defendant is mentally ill and as a consequence of such mental illness poses a real and present threat of substantial harm to himself or to others, the court shall order the defendant committed to the custody of the commissioner of the Alabama state department of mental health or to such other public facility as the court may order." (Emphasis supplied.)
The record of this case clearly indicates that the appellant was never "committed" within the context of the above-referenced statute. Therefore, the trial court lacked the authority to impose conditions on his release pursuant to §15-16-60 et seq.
For the foregoing reasons, the judgment of the trial court is due to be reversed, and this cause remanded.
REVERSED AND REMANDED.
All the Judges concur.